**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOUIS ZIELINSKI, *et al.*, | : | NO. 3:25-CV-00748 |
| Plaintiffs, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | |
| DONALD SCARFO, *et al.* | : | (CAMONI, M.J.) |
| | : | |
| Defendants. | : | |

**<u>REPORT AND RECOMMENDATION</u>**

On June 6, 2025, the Court granted Plaintiffs Louis Zielinski and Edward Zielinski's motions (docs. 4-5) for leave to proceed *in forma pauperis*. Doc. 11. Pursuant to its obligation under 28 U.S.C. § 1915(e)(2), the undersigned reviewed the Plaintiffs' *pro se* Complaint (doc. 1).

The undersigned respectfully recommends that the Court: (1) dismiss Louis Zielinski for failure to update his address; (2) dismiss Defendant Honorable Richard White from the action under judicial immunity; and (3) stay the case against the remaining defendants pending the resolution of Edward Zielinski's state criminal proceedings under *Younger v. Harris*, 401 U.S. 37 (1971).

Page 1 of 13

## I.  BACKGROUND

The Plaintiffs filed this civil rights action against the Defendants: (1) Donald Scarfo, police detective; (2) Curtis Rodgers, district attorney; and (3) Honorable Richard White, Magisterial District Judge. *Id.* Complaint, doc. 1 at 2.

The Court takes the Plaintiffs' allegations as true for the purposes of screening a pro se complaint pursuant to § 1915(e)(2). As alleged,on December 19, 2024, Defendant Scarfo arrested the Plaintiffs and seized their vehicle and a smart phone. *See id.* at 4, 8 (search warrant application); *see also Commonwealth v. Zielinski*, Nos. CP-45-CR-94-2025 & CP-45-CR-52-2025. The Plaintiffs were incarcerated in Monroe County Correctional Facility at the time of filing. *See* doc. 1 at 7.[1] The Plaintiffs "accuse the defendants of Abuse of process, abuse of power, illegal search & seizure, discrimination, [and] malicious prosecution." *Id.*

As to Defendant Scarfo, the Plaintiffs allege that he has violated their "Constitutional and Human Rights on multiple accounts[.]" *Id.* at

---

[1] After the Court's order granting IFP was returned as undeliverable (*see* doc. 15), the Court ordered Plaintiff Louis Zielinski to notify the Clerk of Court of his current mailing address. *See* September 19, 2025, Order, doc. 16. To date, Louis Zielinski has failed to update his address.

2. As to Defendant Rogers, the Plaintiffs allege that he added "additional groundless charges after the preliminary hearing deliberately taking advantage of the process of the justice system." *Id.* at 3. As to Defendant White, the Plaintiffs allege that he "allowed the illegal search warrant to be added into evidence with his signature clear to see being added in electronically." *Id.*

On April 29, 2025, the Plaintiffs lodged a complaint against the Defendants and moved to proceed *in forma pauperis*. Docs. 1, 4-5. On June 6, 2025, the Court granted the Plaintiffs' motion for leave to proceed *in forma pauperis*, and deemed the Complaint filed. Doc. 11.

## II.    LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*.  Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> > (A) the allegation of poverty is untrue; or

(B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209–10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

Page 4 of 13

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  ANALYSIS

The undersigned respectfully recommends that the Court: (1) dismiss Louis for failure to update his address; (2) dismiss Judge White from the action under judicial immunity; and (3) stay the case against the remaining Defendants, pending the resolution of the Plaintiffs' state criminal proceedings under the *Younger* abstention doctrine.

### A. Plaintiff Louis Zielinski has failed to update his address.

Under Local Rule 83.18, a plaintiff must maintain a current address with the Clerk of Court. After the Court mailed a verbal order to Louis Zielinski, which was returned as undeliverable (doc. 15), the Court ordered him to provide a current mailing address and warned that failure to do so would result in a recommendation of dismissal. September 19, 2025, Order, doc. 16. Despite this order, the Court has not received any notice of a change of address from Louis Zielinski. The undersigned, therefore, recommends that the Court dismiss Louis Zielinski from this action as it appears he has abandoned his lawsuit. *See Johnson v. Warden FCI Allenwood Medium*, No. 25-1237, 2026 WL 950799, at *1 (M.D. Pa. April 8, 2026) (applying L.R. 83.18 to dismiss a pro se plaintiff's complaint for failing to maintain a current address on file).

### B. Defendant, the Hon. Richard White is immune.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991). The Court of Appeals for the Third Circuit, however, applies two exceptions to judicial immunity. *Gallas v. Sup. Ct. Pa.*, 211

F.3d 760, 768 (3d Cir. 2000), citing *Mireles*, 502 U.S. at 11. A judge is not immune if his actions are: (1) not taken in the judge's judicial capacity; or (2) although judicial in nature, taken in complete absence of all jurisdiction. *Id.* To determine whether a judge's action is judicial in nature, under the first exception, courts ask "whether [the action taken] is a function normally performed by a judge, and to the expectations of the parties." *Id.* at 769, quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). As to the second prong, a court must distinguish between acts in the "clear absence of all jurisdiction," which do not enjoy the protection of absolute immunity, and acts that are merely in "excess of jurisdiction," which do. *Id.* Therefore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*, quoting *Stump*, 435 U.S. at 356-57.

Here, the Plaintiffs allege, rather vaguely, that Judge White "allowed the illegal search warrant to be added into evidence with his signature clear to see being added in electronically." Doc. 1 at 3. A signing of a search warrant is well within "a function normally performed by a

Page 7 of 13

judge, and to the expectations of the parties." *Gallas*, 211 F.3d at 769. This general allegation against Judge White amounts to no more than a disagreement with the judge's conduct during the adjudication of the Plaintiffs' criminal case. Such disagreements do not defeat judicial immunity. *See Poku v. Himelman*, 448 F. App'x 217, 220 (3d Cir. 2011) (emphasizing judicial defendants' actions were unquestionably judicial because their conduct arose during their adjudication of an action). The undersigned, therefore, finds that White is entitled to absolute immunity.

### C.    *Younger* **abstention applies to the action.**

The Plaintiffs mainly assert Fourth Amendment claims for illegal search and seizure, and malicious prosecution. *See* doc. 1 at 7.[2] Because the Plaintiffs' claims arise from an ongoing state criminal prosecution, the undersigned respectfully recommends that the Court stay all proceedings pending the resolution of Pennsylvania's state criminal

---

[2] The Plaintiffs also allege vague, conclusory claims of "abuse of process," "abuse of power," and "discrimination," which the undersigned construes as part and parcel of Plaintiffs' Fourth Amendment claims, which stem from the Plaintiffs' arrest on December 19, 2024. *See* doc. 1 at 7. Even under a broad reading, the undersigned cannot discern any other causes of action articulated in the complaint.

prosecution against the Plaintiffs. *See Commonwealth v. Zielinski*, Nos. CP-45-CR-94-2025 & CP-45-CR-52-2025.

*Younger* abstention applies in this case. "To promote comity between the national and state governments, *Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019). Although the Supreme Court has narrowed the abstention doctrines, three exceptional circumstances continue to warrant abstention under *Younger*: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 890-91 (3d Cir. 2022), citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82.

If one of the three exceptional circumstances outline in *Sprint* is present, a district court may apply the *Middlesex* three-part test to determine whether *Younger* abstention is warranted. *See Hamilton v. Bromely*, 862 F.3d 329, 337 (3d Cir. 2017), citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Malhan*, 938 F.3d

462. The *Middlesex* factors ask whether: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Malhan*, 938 F.3d at 462. Here, the first of the exceptional circumstances outlined in *Sprint* is present because there is an ongoing state prosecution, which the Plaintiffs are actively defending. *See Commonwealth v. Zielinski*, Nos. CP-45-CR-94-2025 & CP-45-CR-52-2025 (noting cancelled jury selection on March 3, 2026, a "call/guilty plea/ARD" scheduled for May 29, 2026, and a motion hearing scheduled on June 1, 2026).

The pending state criminal proceeding also meets the *Middlesex* three-part test. First, a state criminal prosecution is a state proceeding that is judicial in nature. Second, this state prosecution undoubtedly implicates important state interests because they involve state criminal law enforcement. *See Zahl v. Harper*, 282 F.3d 204, 212 (3d Cir. 2002) ("This is a matter of paramount state interest."). And third, in general, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41 (3d Cir. 2017), quoting

Page 10 of 13

*Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Thus, the requirements for *Younger* abstention are met. *See Lui v. Comm'n on Adult Ent. Establishments*, 369 F.3d 319, 327 (3d Cir. 2004) (finding *Younger* abstention applies because a plaintiff is defending a pending criminal prosecution in state court, which implicates the state's interest in criminal law enforcement, and the plaintiff was able to raise, albeit unsuccessfully, his constitutional claims as a defense to his prosecution in state court).

Because *Younger* abstention applies, and the Plaintiffs bring claims for damages, the undersigned recommends that the Court stay all proceedings in this case against Defendants Scarfo and Rodgers pending the resolution of the Plaintiffs' state criminal prosecution. [3] *See Borowski*

---

[3] The Plaintiffs also seek injunctive relief. Doc. 1 at 3. Under *Younger*, this Court cannot dismiss a plaintiff's damages claim; it may only order a stay. *Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023) ("And because Borowski sought damages, it was not permissible for the District Court to dismiss her case even if the conditions for *Younger* abstention were satisfied."). And, where a complaint seeks only injunctive or declaratory relief, the Court must dismiss. *Id.* But where a complaint contains both, the Court has discretion to "dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claims for damages." *Id.* Because the plaintiffs here seek both, the undersigned recommends staying all remaining claims in the interest of judicial economy, but the Court may dismiss the non-damages claims if it chooses.

*v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023), citing *Quackenbush v.*

*Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hen a federal suit seeks .

. . damages, abstention doctrines generally allow only a stay of the federal

suit, not its dismissal.").[4]

## IV.  RECOMMENDATION

Accordingly, the undersigned respectfully recommends that:

(1)    Plaintiff Louis Zielinski be **DISMISSED** without prejudice for failure to maintain a current address;

(2)    Defendant, the Hon. Richard White be **DISMISSED** with prejudice;

(3)    The Plaintiffs' case be held in abeyance, as to the remaining Defendants, pending the completion of the remaining Plaintiff's state criminal proceedings; and

(4)    The Clerk of Court be **DIRECTED** to administratively mark this case as **STAYED**.

---

[4] *Younger* abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted. *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). The Plaintiffs have not alleged either of these exceptions to *Younger*.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: June 29, 2026                    s/*Sean A. Camoni*
                                        Sean A. Camoni
                                        United States Magistrate Judge